**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**LINDA TOWNSEND-JOHNSON,**

      **Plaintiff,**

**v.**                                            **No. 10-cv-0257 JCH/SMV**

**RIO RANCHO PUBLIC SCHOOLS,**
**SUPERINTENDENT SUE CLEVELAND, and**
**ASSISTANT SUPERINTENDENT CARL LEPPELMAN,**
**in their official and individual capacities,**

      **Defendants.**

## THIRD SCHEDULING ORDER

THIS MATTER came before the Court on a third Rule 16 scheduling conference, held on July 19, 2012. The Court, finding that the interlocutory appeal of Judge Herrera's partial denial of summary judgment is no longer pending, hereby **LIFTS** the stay ordered in his Order Granting Joint Motion to Stay the Scheduling Order Pending the Appeal [Doc. 49]. Moreover and pursuant to the lift of the stay, the Court modifies the scheduling deadlines by the following:

In accordance with the Civil Justice Expense and Delay Reduction Plan adopted in compliance with the Civil Justice Reform Act, and pursuant to Title 28 U.S.C. § 473(a)(1), this case is assigned to a "**Standard**" track classification.

Plaintiff shall identify to all parties in writing any expert witness to be used by Plaintiff at trial and provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) no later than **October 17, 2012**. All other parties shall identify in writing any expert witness to be used by such parties at trial

and provide expert reports pursuant to FED. R. CIV. P. 26(a)(2)(B) no later than **December 14, 2012**.[1]

The termination date for discovery is **January 15, 2013,** and discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause. This deadline shall be construed to require that discovery be completed on or before the above date. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery.

Motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) shall be filed with the Court and served on opposing parties by **February 4, 2013**. *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. This deadline shall not be construed to extend the twenty-day time limit in D.N.M.LR-Civ. 26.6.

Pretrial motions, other than discovery motions, shall be filed with the Court and served on opposing party by **February 14, 2013**. *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. Any pretrial motions, other than discovery motions, filed after the above dates shall, in the discretion of the Court, be considered untimely.

---

[1] Parties must formally disclose the identity of all testifying experts, even if the experts are not required to submit a Rule 26 expert report. *See Blodgett v. United States*, No. 2:06-CV-00565 DAK, 2008 WL 1944011, at *5 (D. Utah, May 1, 2008).

If documents are attached as exhibits to motions, affidavits or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with D.N.M.LR-Civ. 10.6.

Counsel are directed to file a consolidated final Pretrial Order as follows:  Plaintiff to Defendants on or before **April 1, 2013**; Defendants to Court on or before **April 15, 2013**.

Counsel are directed that the Pretrial Order will provide that no witnesses except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than thirty (30) days prior to the time set for trial.  Any exceptions thereto must be upon order of the Court for good cause shown.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**