UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LINDA TOWNSEND-JOHNSON,

        Plaintiff,

v.                                    Cr. No. 10-257 JCH/DHS

RIO RANCHO PUBLIC SCHOOLS,
SUPERINTENDENT SUE CLEVELAND,
ASSISTANT SUPERINTENDENT CARL LEPPELMAN,
in their official and individual capacities,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the individual Defendants' *Motion to Dismiss Count I for Breach of Contract by Defendants Sue Cleveland and Carl Leppelman* (Doc. 42). Plaintiff Linda Townsend-Johnson accuses Defendant Rio Rancho Public Schools ("RRPS") and individual Defendants, RRPS Superintendent Sue Cleveland and RRPS Assistant Superintendent Carl Leppelman, of breach of contract, race discrimination, retaliation, and various other constitutional violations, in connection with the non-renewal of her employment contract as Principal of Puesta Del Sol Elementary School. In the present motion, Defendants Cleveland and Leppelman claim that they were not parties to the contract for which they are being sued. They accordingly ask that Count I for breach of contract be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(c). The Court, having reviewed the Plaintiff's Complaint and the relevant law, and being otherwise fully informed, finds that the individual Defendants' motion should be granted.

## **LEGAL STANDARD**

Dismissal is a harsh remedy. *Dias v. City & Cnty. Of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009). With this in mind, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id*. To overcome a motion to dismiss under Rule 12(b)(6), the complaint need only include a set of facts to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court assumes all facts contained in the complaint to be true and draws "all reasonable inferences therefrom in the light most favorable to the plaintiffs." *Dias*, 567 F.3d at 1178. These facts alone must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. However, when legal conclusions are included, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to these conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A mere "formulaic recitation of the elements" in a complaint is no longer sufficient when challenged by a motion to dismiss. *Twombly*, 550 U.S. at 555.

The sufficiency of a complaint "must rest on its contents alone." *Gee v. Pacheco*, 627 F.3d 1178, 1186. (10th Cir. 2010). However, the court may consider evidence outside of the complaint in three "quite limited" circumstances: (1) where the complaint references a document or the document is attached as an exhibit; (2) where a document is "central to the plaintiff's claim and the parties do not dispute [its] authenticity;" and finally, (3) the court may consider "matters of which a court may take judicial notice." *Id*. Evidence that the parties will later compile during discovery does not fall under one of these three exceptions. *Id*. To withstand a motion to dismiss, the complaint "simply

calls for enough fact to raise a reasonable expectation that discovery will reveal evidence." *Twombly*, 550 U.S. at 556-567.  Therefore, under a motion to dismiss, the court will not consider evidence that would later be revealed through discovery.  See: 627 F.3d 1178, 1186.

## FACTS ALLEGED IN THE COMPLAINT

Plaintiff was hired in August 2006 by RRPS as Principal of Puesta Del Sol Elementary School for the academic year of 2006-2007. (Doc. 1 Ex. A, Cplt. ¶ 7). On April 9, 2007, Defendant Leppelman informed Plaintiff that he would not recommend a reinstatement of her contract.  *Id*. ¶ 22. On May 10, 2007, RRPS officially notified Plaintiff that it would not be renewing her contract for the following year.  *Id*. ¶ 27. Later, on May 18, 2007, Defendant Cleveland also met with Plaintiff to advise her that her employment contract would not be renewed.  *Id*. ¶ 24.  She was given the opportunity to resign, be put on administrative leave, or finish the term of her contract in an appropriate manner.  *Id*.

Under Count I, Plaintiff alleges that she " had a contract with the *Defendant*."  *Id*. ¶ 31 (emphasis added).  The Court construes this statement as a claim for breach of an express contract.  In addition, RRPS had a policy handbook, guaranteeing Plaintiff employment free from racial discrimination and harassment.  *Id*. ¶ 31.  Plaintiff claims that Defendant Leppelman violated the policies contained in the handbook through harassment and racial discrimination.  *Id*. ¶ 32.  Plaintiff also asserts that the lack of support and the denial of a hearing violated her employment contract, the school

handbook, and the policies and procedures contained within. *Id.* ¶ 32-33.  The Court construes these allegations as a claim for breach of an implied contract.

## DISCUSSION

In the present case, Defendants Cleveland and Leppelman claim that Count I of the Plaintiff's Complaint fails as a matter of law.  They assert that the Complaint itself does not sufficiently establish the individual Defendants as parties to the contract.  The Court agrees.  In a claim for a breach of contract, the burden falls on the party bringing the claim to establish that the defendant was a party to the contract.  *See* Restatement 2d of Agency, §320.  Plaintiff fails to allege sufficient facts in the Complaint to establish a cause of action for a breach of contract against the individual Defendants.

Furthermore, the individual Defendants submitted the employment contract with their Memorandum of Law in Support of Motion to Dismiss (Doc. 43 Ex. A).  Since the Complaint refers to this document and it is central to Plaintiff's claim, it may be considered as long as its authenticity is not disputed.  *Gee,* 627 F.3d at 1186.  Defendants attached an affidavit from the Human Resources Director Sue Passell verifying the document.  (Doc. 43 Ex. B).  Plaintiff has not disputed its authenticity in her reply.  (Doc. 44).  Therefore the Court has considered the attached employment contract in addition to the complaint.


**I. Plaintiff's express contract with RRPS fails to mention the individual Defendants**

Plaintiff has failed to establish that either Defendant Leppelman or Defedant Cleveland were parties to the express contract.  The individual Defendants cite New Mexico Administrative Code (NMAC) § 6.66.2.6 as support that "contracts for school

instructors and administrators are entered between local school boards and the respective employee." (Doc. 43 at 4).  However, NMAC § 6.66.2.6 does not require that all contracts be between the school board and the administrator being hired.  Instead, it provides a model employment contract for use by New Mexico school boards.  Though the NMAC cited does not prove helpful, the language in both the Complaint and the attached contract is enough to decide the issue.

In the Complaint, Plaintiff first alleges that the "Rio Rancho Public Schools granted her an employment contract." (Doc. 1 Ex. 1, Cplt. ¶ 7).  Here, Plaintiff unequivocally states that the contract was between her and the Rio Rancho Public School system.  It makes no reference to the individual Defendants.  On the next page the Complaint reiterates that the "Plaintiff had a contract with the *Defendant*." *Id*. ¶ 31. (emphasis added).  The logical inference is that the word *defendant* (singular) references the Rio Rancho Public Schools.

Turning to the attached document, the contract is clearly between Defendant RRPS and Plaintiff.  (Doc. 43 Ex. A).  Though individual Defendant Sue Cleveland signed the document, she did so as an agent of RRPS.  *Id*.  Defendant's name, "Rio Rancho Public Schools," appears at the bottom of the contract above Defendant Cleveland's name.  *Id*.  Cleveland's signature appears as a representative of RRPS.  *Id*.  Defendant Leppelman's name does not appear anywhere on the contract, nor is he mentioned.  *Id*.  It is clear that Defendant Leppelman was also not a party to the express contract.  *Id*.

5

**II. Plaintiff's claim for an implied contract also does not implicate the individual Defendants**

In addition, the complaint alludes to an implied contract between Plaintiff and the RRPS through their use of a policy handbook. (Doc. 1 Ex. 1, Cplt. ¶ 31). The Complaint states that RRPS had a handbook that included "guarantees against racial discrimination and harassment." (Doc. 1 Ex. 1, Cplt. ¶ 31). Again, there is no reference to either individual defendant in the formation of this implied contract. If the behavior of Defendant Leppleman and the "lack of action" indeed violated the implied contract created by the handbook, the individual Defendants are not parties to that agreement. A mere "formulaic recitation of the elements" in a complaint is no longer sufficient when challenged by a motion to dismiss. *Twombly*, 550 U.S. at 555. Plaintiff fails to allege enough facts to establish the existence of an implied contract with the individual Defendants.

The Complaint does reference both individual Defendants in various aspects that may contribute to a breach of the employment contract. It is essential, however, that Plaintiff first make a showing that the individual Defendants were parties to the contract when charging them with a breach of that contract. Nowhere in the complaint does Plaintiff claim that either Defendant Cleveland or Defendant Leppelman had formed a contract with plaintiff.

## CONCLUSION

For the foregoing reasons, it is therefore ordered that the individual Defendants' *Motion to Dismiss Count I for Breach of Contract by Defendants Sue Cleveland and Carl*

*Leppelman* (Doc. 42) is hereby granted such that Plaintiff's claims are dismissed with prejudice as follows:

As to Plaintiff's Count I for breach of contract against Defendant Leppelman, Defendants' motion is GRANTED.

As to Plaintiff's Count I for breach of contract against Defendant Cleveland, Defendants' motion is GRANTED.

                                                   */s/ Judith C. Herrera*
                                                Judith C. Herrera
                                                United States District Court Judge