IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDA TOWNSEND-JOHNSON

    Plaintiff,

v.                                                                 No. 10-cv-0257 JCH/SMV

**RIO RANCHO PUBLIC SCHOOLS,**
**SUPERINTENDENT SUE CLEVELAND,**
**ASSISTANT SUPERINTENDANT LEPPELMAN,**
in their official and individual capacities,

    Defendants.

### STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

This matter came before the Court on the Parties' agreement that the confidentiality of certain documents, including paper and electronic documents, and information should be maintained in the referenced action ("the Lawsuit"). The Court finds that good cause exists for entering this Order.

The Court orders as follows:

1. The following documents and information contained in such documents which may be produced in this action, (hereinafter "Confidential Information") must be kept confidential and, except as stated below, shall be utilized by the Parties to this lawsuit only for purposes related to the Lawsuit, including motion practice, and discovery practice:

   a. All federal and state tax records;
   b. All medical and psychological records;
   c. All employment and personnel files relating to the Parties or to any other employee, defined for purposes of this Order to include current and former employees, of Rio Rancho Public Schools;
   d. All documents containing Protected Health Information, as defined in defined in the Health Insurance Portability and Accountability Act ("HIPAA") privacy rule, PL 14-191, 45 CFR Parts 160 and 64 and the HITECH Act;
   e. All student information protected by the Family Educational Rights and Private Act of 1974, 20 U.S.C. § 1232g ("FERPA")

1

      f.   All cell phone records and e-mails and other correspondence produced during this litigation

      g.   Any other records produced during this litigation designated by any party as containing Confidential Information.

2.   The attorneys for the Parties shall only distribute or disclose Confidential Information to the following persons: (1) the Parties, judge, and jury; (2) the Parties' counsel in this action and their secretaries, legal assistants, and other support staff; (3) the Court, and the Court's secretaries and employees, including court reporters; (4) experts retained in this cause by any Party; and (5) court reporters and videographers involved in the taking of any depositions, including any employees thereof. All such persons to whom Confidential Information is disclosed shall be bound by the terms of this Confidentiality and Protective Order. The individuals who are parties to this Lawsuit may not copy or retain copies, either paper or electronic, of any Confidential Information, but may review such documents in the presence of their counsel, who shall retain custody of such documents. The Parties will not permit any person not identified in Paragraph 2 above to inspect, examine, copy or replicate any of the Confidential Information, and the Parties will not disclose any Confidential Information to any person not identified in Paragraph 2 above, at any time, except by Court Order. The attorneys for the Parties agree that they and their employees will utilize the Confidential Information only for purposes related to the Lawsuit, and that they shall otherwise maintain the confidentiality of the Confidential Information; provided however, that nothing contained in this Confidentiality Order shall prevent the Rio Rancho Public Schools from using in the ordinary course of business any documents created or maintained by it. In the event either party requires a fact or expert witness to view Confidential Information, the Party's counsel seeking such review shall instruct the witness about the content of this Order, and the witness shall sign a copy of this entered Order agreeing to be bound by its terms.

3. Confidential Information about nonparties to this action contained in exhibits to motions filed in this action shall be filed under seal and Confidential Information about non parties contained in exhibits to depositions shall be sealed.

4. If any Party produces documents which contain PHI, the party may elect to redact the PHI from the document prior to production if it pertains to a person who is not a party to this action. If a party chooses to produces Confidential Information, is required to produce Confidential Information or otherwise uses Confidential Information that contain PHI, this Confidentiality Order shall be considered a "Qualified Protective Order" as permitted by 45 CFR § 164.512(e)(1)(ii)and (v), and the party producing the documentation is hereby relieved of the requirement in 45 CFR S264.512(e)(1)(ii)(A) to give notice to the patient(s) whose PHI is contained in the confidential record being disclosed.

5. Upon conclusion of the above-entitled action, the provisions of this Order shall continue to be binding. This Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of this Court. All Confidential Information including but not limited to, PHI subject to HIPPA and/or the HITECH Act, including all copies, must either be returned to the providing party or if returning that information would be unreasonable, destroyed and certified to the providing party as destroyed within thirty days of the conclusion of the above-entitled action and subsequent appeal, as provided in 45 C.F.R. §164.512(e)(1)(v).

6. This Order shall not be construed as a waiver by any party of any objection the party might have to the production, admissibility or use of any confidential record produced in the course of litigation of this matter. If any Party disputes the designation of any document under Paragraph 1f. as Confidential Information, such Party may bring the issue to the Court's attention, either by motion or, if all Parties agree, pursuant to an informal telephonic conference with the Magistrate Judge for a

decision on whether such document or information contained therein constitutes Confidential Information subject to the terms of this Order. The document and its contents shall be kept confidential pursuant to the terms of this Order until and unless the Court rules otherwise.

7. No objections based upon confidentiality or this Stipulated Confidentiality and Protective Order will be made at the trial on any exhibits.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**