UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LINDA TOWNSEND-JOHNSON,

       Plaintiff,

       v.                                 Cr. No. 10-257 JCH/DHS

RIO RANCHO PUBLIC SCHOOLS,
SUPERINTENDENT SUE CLEVELAND,
ASSISTANT SUPERINTENDENT CARL LEPPELMAN,
in their official and individual capacities,

       Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Rio Rancho Public Schools

("RRPS's") *Motion to Dismiss Plaintiff's Due Process and First Amendment Claims* (Doc. 57).

In the underlying action, Plaintiff Linda Townsend-Johnson accuses RRPS and the individual

Defendants, RRPS Superintendent Sue Cleveland and RRPS Assistant Superintendent Carl

Leppelman, of breach of contract, race discrimination, retaliation, violation of the First

Amendment, and violation of the due process and equal protection clauses of the Fourteenth

Amendment, in connection with the non-renewal of her employment contract as Principal of

Puesta Del Sol Elementary School.  The Court has since dismissed certain of Plaintiffs' claims

against the individual Defendants, including her due process and First Amendment claims under

42 U.S.C. § 1983.[1]

On the instant motion, RRPS argues that Plaintiff's First Amendment and due process

---

[1]*See* this Court's September 13, 2011 Memorandum Opinion and Order (Doc. 29) (dismissing claims of race discrimination and equal protection violation against Leppelman only, and dismissing due process and First Amendment claims against both individual Defendants), and July 26, 2012 Memorandum Opinion and Order (Doc. 56) (dismissing breach of contract claim against both individual Defendants).

claims against it should be similarly dismissed for failure to state a claim.  The Court, having

considered the Complaint, motion, briefs, and the relevant law, and being otherwise fully

informed, finds that RRPS's motion should be granted.


## FACTUAL BACKGROUND

Plaintiff, an African American female, was hired in August 2006 to serve as Principal of

Puesta Del Sol Elementary School, a school in the Rio Rancho Public School District ("RRPS").

Plaintiff's employment contract was valid for one academic year, from 2006-2007.  Plaintiff

alleges that unlike other principals of the district, who began working the week of July 20, 2006,

she commenced her new position two-and-a-half weeks later, on August 7, 2006.  It is unclear

why Plaintiff started her job later.

On or about November 10, 2006, Plaintiff had a one-on-one meeting with Defendant Carl

Leppelman, the Assistant Superintendent of RRPS, who informed her that she was being placed

on a "growth plan" to improve her performance.  During the meeting, Plaintiff contends that

Leppelman made inappropriate comments relating to "Plaintiff's practice of wearing hats and

other attire associated with the African-American communit[y]."  (Doc. 1 Ex. A, Cplt. ¶ 12).

Plaintiff was troubled by the tone of her meeting with Leppelman, which she considered

harassing and unproductive.

Two days after her meeting with Leppelman, Plaintiff met with Defendant Sue

Cleveland, Superintendent of RRPS, to complain of Leppelman's behavior at their meeting. She

also submitted a letter to Cleveland "underscoring her concerns with Leppelman's conduct and

[ ] lack of managerial support."  *Id.* ¶ 14.  By the end of December 2006, Plaintiff alleges that

she had repeatedly voiced her concerns (the Complaint does not state to whom) about the

competency of her supervisors and their willingness to help her succeed in her new role.

On January 14, 2007, Plaintiff met again with Cleveland to discuss her concerns about her supervisors, Leppelman in particular.  Cleveland suggested that Plaintiff contact the Human Resources Division at RRPS, and at some point in January 2007, Plaintiff met with Dr. Sue Passell, Executive Director of Human Resources, to discuss "the harassment she was experiencing under Leppelman."  *Id.* ¶ 17.

On March 6, 2007, Dr. Passell contacted Plaintiff about the possibility of meeting to discuss mediation.  While Plaintiff agreed to mediate, for reasons not set forth in the Complaint, the meeting never took place.  RRPS did not reschedule the mediation.

On March 14, 2007, Plaintiff contacted Cleveland to inform her that she intended to take her concerns to the RRPS School Board.

On April 9, 2007, Leppelman informed Plaintiff that he would not be recommending that her employment contract be renewed for the following academic year.  On April 17, 2007, Plaintiff wrote a letter to her supervisors (who are not identified by name in the Complaint) "in an attempt to clarify and dismiss false allegations made by Defendant Leppelman to Defendant Cleveland regarding her rehiring status."  *Id.* ¶ 23.  The Complaint does not set forth what allegations Leppelman made or how Plaintiff responded to them.

In a letter dated May 10, 2007, RRPS informed Plaintiff that her contract would not be renewed for the upcoming school year. According to the Complaint, the letter presented Plaintiff with the option of taking administrative leave, resigning immediately, or continuing to work through the remainder of her current contract.  On May 18, 2007, Cleveland met with Plaintiff and allegedly gave as the reason for the decision the fact that Puesta Del Sol Elementary would not meet its Annual Yearly Progress goals under Plaintiff's stewardship.  Plaintiff claims that at

the time of her meeting with Cleveland, "numerous other schools" in RRPS were also not on target to meet their Annual Yearly Progress goals, but that she – the only African American female among them – was the only principal who did not see her contract renewed.  *Id.* ¶ 26.

On May 21, 2007, Plaintiff wrote to the RRPS School Board requesting a hearing regarding the non-renewal of her contract and her allegations of discriminatory treatment. Plaintiff alleges that she was not granted a hearing, and that she was informed by RRPS' attorney that the Board no longer had authority to settle personnel issues.

## **LEGAL STANDARD**

Rule 12(b)(6) provides in relevant part that "failure to state a claim upon which relief can be granted" is a defense to a claim for relief in any pleading.  A court may dismiss a cause of action under Rule 12(b)(6) for failure to state a claim only if it appears beyond a doubt that a plaintiff can prove no set of facts in support of the claim that would entitle him or her to relief. *See Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993).  A motion to dismiss should be granted if, viewing the well-pleaded factual allegations of the complaint as true, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  Thus, in considering a Rule 12(b)(6) motion, a court must assume all well pleaded facts, but not conclusory allegations, to be true, and must draw all reasonable inferences in favor of a plaintiff. *See Housing Auth. of the Kaw Tribe v. City of Ponca,* 952 F.2d 1183, 1187 (10th Cir. 1991); *Maher v. Durango Metals, Inc.*,144 F.3d 1302, 1304 (10th Cir. 1998). The issue in reviewing the

sufficiency of a complaint is not whether a plaintiff will prevail ultimately, but whether a

plaintiff is entitled to offer evidence to support his or her claim.  *See Scheuer v. Rhodes,* 416

U.S. 232, 236 (1974).  However, the rules do not require a court to accept legal conclusions or

unwarranted inferences.  *See United States v. Fisher,* 38 F.3d 1144, 1147 (10th Cir. 1994)

(citation omitted).


## DISCUSSION

### I.   Whether Plaintiff Has Stated a Claim Against RRPS for Violation of Her Fourteenth Amendment Due Process Liberty Interest

 Count IV of the Complaint alleges that "Defendant's release of defamatory and false

statements of wrongdoing regarding Plaintiff to the public violated Plaintiff's liberty interest in

her good name and reputation."  (Doc. 1 Ex. A, Cplt. ¶ 51).  Count IV does not specify which

Defendant(s) are alleged to have violated Plaintiff's due process rights.  RRPS moves to dismiss

the claim "on the argument that the Complaint fails to plead facts showing that none [sic] of

Defendant's employees made defamatory statements about Plaintiff."  (Doc. 59 at 4).

 The Tenth Circuit has set forth a four-prong test that a plaintiff must satisfy to state a

liberty-interest claim based on damaging defamatory statements:

> First, to be actionable, the statements must impugn the good name,
> reputation, honor, or integrity of the employee.  Second, the statements
> must be false.  Third, the statements must occur in the course of
> terminating the employee or must foreclose other employment
> opportunities.  And fourth, the statements must be published.

*Workman v. Jordan,* 32 F.3d 475, 481 (10th Cir. 1994) (citations omitted).  "These elements are

not disjunctive, all must be satisfied to demonstrate deprivation of the liberty interest."  *Id.*

Here, Plaintiff's Complaint fails to specify the statement(s) of RRPS' agents that purportedly

satisfy the *Workman* requirements.  In its September 2011 Memorandum Opinion and Order, the

Court addressed the same scenario in considering the individual Defendants' motion to dismiss

Plaintiff's due process claim against them.  In the absence of any guidance from Plaintiff as to

the statements on which her claim was based, the Court looked within the four corners of the

Complaint and found two statements that – construing the Complaint liberally and taking the

allegations in the light most favorable to Plaintiff – could possibly be construed as "defamatory

and false."  The Court proceeded to apply the *Workman* analysis to both statements, and

determined that Plaintiff failed to meet the first prong of the *Workman* test with respect to either

statement.[2]

In her response to the instant motion, Plaintiff again fails to point to any statement set

forth in the Complaint that could satisfy the *Workman* test   Rather, Plaintiff proffers several

factual allegations that, she contends, show that employees of RRPS "treated Plaintiff in a

disparate manor [sic]," such that RRPS is "not entitled to dismissal of [Plaintiff's claim under]

the Equal Protection Clause."  (Doc. 59 at 3).  Plaintiff's response overlooks the rather

significant fact that RRPS moves to dismiss Plaintiff's *due process* claim, not her claim under

the equal protection clause.  Consequently, Plaintiff's arguments are irrelevant to the question of

whether RRPS violated Plaintiff's liberty interest in her professional reputation by making "false

_____

[2]The Court's analysis focused on these statements: (1) "On April 17, 2007, Plaintiff
submitted a letter to her superiors in an attempt to dismiss false allegations made by Defendant
Leppelman to Defendant Cleveland regarding her rehiring status."  (Doc. 1 Ex. A, Cplt. ¶ 24);
and (2) Plaintiff's statement in her response brief – which is not set forth in the Complaint – that
Superintendent Cleveland defamed her to "the Board of Directors" – presumably, the RRPS
School Board -- by telling the Board that Puesta Del Sol Elementary would not make its Annual
Yearly Progress goals under Plaintiff.  (Doc. 19 at 6).  The Court concluded that "Plaintiff does
not set forth *any* factual allegations [supporting the] alleged defamation within the four corners
of the Complaint, let alone allegations that are sufficiently pled to be plausible under *Twombly*."
(Doc. 29 at 17).  *See further discussion of liberty interest due process claim, Id.* at 14-17.

statements of wrongdoing"about her, as contended in the Complaint.  Indeed, the only vague references to allegedly false statements in the Complaint are those that the Court found failed the *Workman* test in its earlier Memorandum Opinion.  Thus, because Plaintiff fails to state a plausible claim for violation of her liberty interest, the Court finds that Plaintiff's  Fourteenth Amendment due process claim against RRPS should also be dismissed.


II.     **Whether Plaintiff Has Stated a Claim Against RRPS for Violation of Her First Amendment Right to Report Discrimination**

Plaintiff's Complaint recites at Count V that her employment contract with RRPS was not renewed in part because she reported allegations of racial discrimination and disparate treatment to other RRPS employees, the RRPS School Board, and "outside private . . . agencies"– actions which were protected by the First Amendment.  (Doc. 1 Ex. A, Cplt. ¶¶ 58-59).  RRPS moves to dismiss the claim on the ground that the Court's reasons for previously dismissing Plaintiff's First Amendment claim against the individual Defendants for failure to state a claim under Rule 12(b)(6) apply with equal force to her claim against RRPS.

As the Court noted in its September 2011 Memorandum Opinion and Order, there is no specific factual allegation in the Complaint that Plaintiff reported any allegations of racial discrimination to RRPS, the school board, or any private agency before RRPS decided not to renew her contract.  On the contrary, the Complaint describes two reports by Plaintiff that (1) either do not relate to race discrimination or (2) were not made until after the decision not to renew Plaintiff's contract was made.  First, the Complaint sets forth how Plaintiff complained about Assistant Superintendent Leppelman in a letter to certain unidentified "superiors" on April 17, 2007, one month before the decision, but states only that the purpose of the letter was "to

clarify and dismiss false allegations" Leppelman made about her.  *Id.* ¶ 23.  There is no mention that the letter set forth any allegations that Leppelman, or any other agent of RRPS, was treating Plaintiff differently on account of her race.  Second, the Complaint alleges that Plaintiff notified Superintendent Cleveland of her intent to go to the RRPS School Board "with her concerns"  – which Plaintiff does not specify – two months before Cleveland informed her of the decision to not renew her contract.  *Id.* ¶ 21.  However, the Complaint's only reference to Plaintiff ever reporting any allegations to the Board indicates that she did so *after* she learned of her contract's non-renewal: "On May 21, 2007, Townsend-Johnson sent a letter to the Board requesting a hearing regarding the non-renewal status of her employment contract, [requesting] to address the inequity and discrimination she endured throughout her short employment with RRPS."  *Id*. ¶ 28.

Because the Complaint fails to sufficiently allege that the non-renewal of her contract was due in part to any speech by Plaintiff, the Court need not address whether Plaintiff has stated a claim that her speech was protected by the First Amendment.  Accordingly, the Court finds that Plaintiff's First Amendment claim against RRPS should be dismissed.

## CONCLUSION

For the foregoing reasons, it is therefore ordered that RRPS' *Motion to Dismiss Plaintiff's Due Process and First Amendment Claims* (Doc. 57) is GRANTED.


UNITED STATES DISTRICT COURT JUDGE